ACCEPTED
15-24-00132-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/14/2025 4:23 PM
CHRISTOPHER A. PRINE
CLERK

**SpencerFane**®

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/14/2025 4:23:09 PM
CHRISTOPHER A. PRINE
Clerk

WILLIAM A. FAULK, III
DIRECT DIAL: (512) 840-4549
cfaulk@spencerfane.com

November 14, 2025

***VIA e-Filing***

Court of Appeals for the Fifteenth Judicial District
ATTN: Christopher A. Prine, Clerk of Court
P.O. Box 12852
Austin, Texas 78711

> Re: Court of Appeals No. 15-24-00132-CV;
> *AIRW 2017-7, L.P.; 600 Westinghouse Investments, LLC; 800 Westinghouse Investments, LLC; Texas Commission on Environmental Quality; and Jonah Water Special Utility District v. City of Georgetown, Texas*

Dear Mr. Prine:

Pursuant to your correspondence regarding the setting of oral argument dated October 2, 2025, the City of Georgetown, Texas hereby files the attached exhibit ("**Exhibit 1**") to be offered to the Court during its oral argument on November 20, 2025.

Thank you for your attention to this matter. Please do not hesitate to contact the undersigned with any questions or concerns.

Respectfully submitted,

William A. Faulk, III
State Bar No. 24075674
cfaulk@spencerfane.com
**Counsel for the City of Georgetown, Texas**

Enclosure

# City of Georgetown Ex. 1 – Summary of Authorities and Argument

## Standard of Review – Substantial Evidence

Judicial review of an agency's administrative action is governed by the Texas Administrative Procedure Act and Tex. Water Code § 5.351. Reviewing courts evaluate whether TCEQ's decision violated statute or constitution, exceeded statutory authority, was made through unlawful procedure, was affected by legal error, lacked substantial evidence, or was arbitrary and capricious.[1]

Substantial-evidence review asks two questions:
1. Do the underlying fact findings logically support TCEQ's ultimate conclusions and authority to issue the permit?
2. Are those findings reasonably supported by the record?

An agency's action is arbitrary or an abuse of discretion if it fails to consider a mandatory factor, considers an irrelevant factor, considers appropriate factors but reaches a completely unreasonable result, or fails to follow its own regulations.[2]

## Why the Court Should Rule for the City / Affirm the District Court

### A. Legal Error: TCEQ Misapplied the Legislature's Regionalization Mandate

Texas law requires TCEQ to "encourage and promote" regional wastewater systems and to use all reasonable methods to implement this policy under Tex. Water Code §§ 26.003 and 26.081.

TCEQ's rules require applicants to request service, obtain cost information, and document those efforts, which AIRW did not do, and TCEQ did not enforce.[3] TCEQ's failure to apply statutory regionalization requirements constitutes unlawful procedure and arbitrary action.

### B. Lack of Substantial Evidence: No Legally Supportable "Denial of Service"

TCEQ's conclusion that the City "denied service" lacks record support and is contrary to established law.

Where service is not denied for lack of capacity to serve, there was no final denial of service in the absence of a denial by the City Council.[4] TCEQ's finding to the contrary lacks substantial evidence and is against clear law.

### C. Arbitrary & Capricious: TCEQ Considered an Irrelevant, Prohibited Factor

TCEQ relied heavily on an alleged $20 million future "diminution in value" to the developer if annexed. This is not a permissible "cost of connection," is speculative, and falls outside TCEQ's jurisdiction, which does not include evaluating property-value impacts.[5] The real, documentable costs (construction costs) favored regionalization, as both parties' evidence demonstrated connection to the City was less expensive than a standalone plant.[6]

TCEQ ignored relevant statutory factors and relied on factors it has deemed irrelevant—classic arbitrary and capricious conduct.

---

[1] *Tex. Architectural Aggregate, Inc. v. Tex. Comm'n on Env't Quality*, No. 03-22-00169-CV, 2023 WL 8459511, at *4 (Tex. App. Dec. 7, 2023) (citing Tex. Gov't Code § 2001.174(2)(A)–(F)); *see* Tex. Water Code § 5.351.

[2] Tex. Gov't Code Ann. § 2001.174(2); *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 184 (Tex. 1994); *Pub. Util. Comm'n v. Gulf States Utils.*, 809 S.W.2d 201, 207 (Tex. 1991); *Heritage on the San Gabriel Homeowners Ass'n v. Tex. Comm'n on Env't Quality*, 393 S.W.3d 417, 423 (Tex. App.—Austin, 2012).

[3] 2 AR 146; 2 AR 74 at bates p. 00077.

[4] *See City of Denton v. Grim*, 694 S.W.3d 210, 215 (Tex. 2024). All conversations between AIRW and the City were between parties unable to unilaterally bind the City. 2 AR 142; 2 AR 102; 2 AR 101.

[5] *See* Concerns Outside of TCEQ's Authority, available at: https://www.tceq.texas.gov/agency/decisions/participation/permitting-participation/concerns-outside-of-tceqs-authority (last visited Nov. 14, 2025).

[6] 2 AR 151; 2 AR 91.

### D. District Court's Reversal Fits APA § 2001.174

**The district court reversed because TCEQ misapplied regionalization statutes, lacked substantial evidence for "denial of service," and improperly relied on speculative property-value considerations. <u>The Court applies the same standards de novo and should affirm the district court.</u>**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Olivia Oswald on behalf of William Faulk
Bar No. 24075674
ooswald@spencerfane.com
Envelope ID: 108083646
Filing Code Description: Exhibit
Filing Description: Letter to 15th Court of Appeals Clerk re Georgetown's Exhibit
Status as of 11/14/2025 4:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patricia Carls | 3813425 | tcarls@tcarlslaw.com | 11/14/2025 4:23:09 PM | SENT |
| William Thompson | 24088531 | will@lkcfirm.com | 11/14/2025 4:23:09 PM | SENT |
| Edmond McCarthy | 13367200 | ed@ermlawfirm.com | 11/14/2025 4:23:09 PM | SENT |
| William Faulk | 24075674 | cfaulk@spencerfane.com | 11/14/2025 4:23:09 PM | SENT |
| John Carlton | 3817600 | john@carltonlawaustin.com | 11/14/2025 4:23:09 PM | SENT |
| Michael Parsons | 24079109 | michael@carltonlawaustin.com | 11/14/2025 4:23:09 PM | SENT |
| Carlota Hopinks-Baul | 24094039 | chbaul@spencerfane.com | 11/14/2025 4:23:09 PM | SENT |
| Helen Gilbert | 786263 | hgilbert@bartonbensonjones.com | 11/14/2025 4:23:09 PM | SENT |
| Kellie E.Billings-Ray | | Kellie.Billings-Ray@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |
| Sara Ferris | | sara.ferris@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |
| Colton Halter | | colton.halter@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |
| Erin  K.Snody | | Erin.Snody@oag.texas.gov | 11/14/2025 4:23:09 PM | ERROR |
| Maris Chambers | | MChambers@spencerfane.com | 11/14/2025 4:23:09 PM | SENT |
| Andrew Davis | | andrew@lkcfirm.com | 11/14/2025 4:23:09 PM | SENT |
| Todd Disher | | todd@lkcfirm.com | 11/14/2025 4:23:09 PM | SENT |
| John Carlton | | john@carltonlawfirm.com | 11/14/2025 4:23:09 PM | ERROR |
| Kelli Carlton | | kelli@carltonlawfirm.com | 11/14/2025 4:23:09 PM | ERROR |
| Erin Selvera | | erin@carltonlawfirm.com | 11/14/2025 4:23:09 PM | ERROR |
| Yahaira De Lara | | ydelara@bartonbensonjones.com | 11/14/2025 4:23:09 PM | SENT |
| Jennifer Jamison | | jennifer.jamison@tceq.texas.gov | 11/14/2025 4:23:09 PM | ERROR |
| Bobby Salehi | | bobby.salehi@tceq.texas.gov | 11/14/2025 4:23:09 PM | ERROR |
| Jacob Beach | | Jacob.Beach@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Olivia Oswald on behalf of William Faulk
Bar No. 24075674
ooswald@spencerfane.com
Envelope ID: 108083646
Filing Code Description: Exhibit
Filing Description: Letter to 15th Court of Appeals Clerk re Georgetown's Exhibit
Status as of 11/14/2025 4:32 PM CST

Case Contacts

| Jacob Beach | | Jacob.Beach@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |
|---|---|---|---|---|
| Evan Greene | | evan.greene@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |
| Michael Cotton | | michael@lkcfirm.com | 11/14/2025 4:23:09 PM | ERROR |
| Skye Masson | | Skye.Masson@georgetowntexas.gov | 11/14/2025 4:23:09 PM | SENT |
| Kelsey Parker | | kparker@spencerfane.com | 11/14/2025 4:23:09 PM | SENT |
| Victor Hernandez | | victor.hernandez@oag.texas.gov | 11/14/2025 4:23:09 PM | SENT |